Mr. Wolfe, can you hear us? Yes, I can. Excellent. So we have Mr. Wolfe, we have Ms. Traficante, and I believe we are ready to proceed with case number four for today, United States against Lucy Owens, number 192822. And Ms. Traficante, we'll start with you. You need to unmute yourself. You're on Yes. Good morning. My name is Claudia Traficante. And I'm here on behalf of my client, Lucy Owens. We filed an appeal on this case, based on the what we believe to be unreasonableness of her sentence of being sentenced at the high end of the guidelines without the court taking into consideration any of the 18 U.S.C. Section 3553A factors in her sentence. Could you answer a question for me, Ms. Traficante? I was a little confused reading your briefs about whether you are complaining that the district court's sentence was inadequate, which I would see as a procedural problem, or whether you're saying that this was a substantively unreasonable sentence in length or something of the sort. Which of those is your point? Both, Your Honor. I believe the court didn't, first of all, apply factors as it should have in rendering her sentence. And then when the court gave the statement of reasons, I believe that the reasons weren't justified and laid out and explained and factors weren't considered as part of the sentence. Because the standard of review is quite different for one and the other. Substantive arguments are the type to which we give tremendous deference to the sentencing judge, whereas if there's a procedural failure to address maybe a primary argument in mitigation or something of the sort, we have a little more leeway. Your Honor, what we're working on was the substantial unreasonableness of the sentence. When the court applied or didn't apply the sentencing factors laid out under Section 3553A. I hope that provides a little bit more clarification. No, go ahead. We had presented to the court at the time of sentencing a sentencing memorandum along with a number of mental health reports, along with letters for the court's consideration in viewing the uniqueness of Ms. Owens before fashioning a sentence before her. What we found at the sentencing was that the focus of the sentence was not looking at the circumstances of the offense or looking at the history and characteristics of Lucy Owens, but rather the focus of the sentence was looking at the act of the financial crime on the victim and whether Lucy Owens was competent. Counsel, the district court did, did it not consider the various assessments of Ms. Owens' mental health, it simply chose to credit the psychiatrist who had examined her for competency to stand trial, who found that, you know, the one who talked about a beautiful mind and the resemblance between her imaginary friend, Sylvia, and that of the main character in the movie, he just chose to credit that and said that he didn't think that the other two psychiatrists ruled out the possibility that she could distinguish between right and wrong, fact and she said that she thought she'd been authorized to take the $800,000, right? I mean, I understand that Ms. Owens disagrees with the way that he assessed that evidence, but he did explain what he thought and he did ensure that she was going to be committed to a prison where she could receive treatment. Yes and no. And the no part of that, if you look at the BOP's report, okay, the BOP district court did, it says, I'm going to focus my sentence on this one part that says she is competent and, you know, I'm going to relate to the storyline of a beautiful movie or the plot, a beautiful mind and everything else, I'm going to disregard because if we look at that BOP report, that report does state that she has mental health issues. It diagnoses her with borderline detached personality disorder. It diagnoses her with suicide, past suicide. So it does, if you look at the report, it does support the other two reports that were filed as to her mental health issues. So specifically speaking, when you look at the BOP report, it states her diagnosis is pursuant to the diagnostic and statistical manual mental health disorders 301.83. She's diagnosed with borderline personality disorder, which deals with instability in interpersonal relations, self-image, mood, difficulty controlling anger, irritability, sadness, intense anxiety, extremes between idealization and devaluation, issues with interpersonal relations. That's all in the BOP report. So to my surprise, I'm thinking that the BOP is only going to do a competency report, but they do more than that. They support the findings of Dr. Durack and Dr. Robin in their findings as to their mental health. But the court seems to focus only on the competency issue. It doesn't mention anything that the BOP found that she suffers from a borderline personality disorder. And that is on page... That's document number 113, page 9 of 12. And the page before that, 8 of 12, the BOP report finds that she has difficulty with self-image, separation from loved ones, and suicidality. I probably mispronounced that because she's had four bouts of suicide in the past. So for the district court to only piecemeal and pick and choose the section of the report to support her competency, I think is unfair. And it doesn't take into... And it doesn't take consideration of the characteristics and the mental health issues that Lucy Owen suffers from. So when I say that... So Ms. Traficante, I'll just say you said you wanted seven minutes of rebuttal, which you're way beyond. But if you'd like to save a significant time, you've still got about two and a half minutes. Okay, thank you. When I say to the court that the court just piecemealed and just picked one section of competency, well, there wasn't a competency argument at the time of sentencing. There was an argument as to, can we take a look at this defendant's mental health issues and how serious they are, the history, how long they go back, the psychosis and disconnections that all three evaluators, even the BOP, found in their diagnosis. But the court doesn't make any mention of that because the focus was merely whether she knew right or wrong, which is a competency issue, rather than, well, this person is on a psychotic medication because she's psychotic. And all the reports state that in one way or another, they confirm that she's had issues with suicide. They confirm she's had depression. And there's no mention of that in the court's reasoning prior to the court giving the sentence that it gave. All right. Why don't we leave it there for now? You'll have about a minute to rebut and we'll move to Mr. Wolfe. Okay. Thank you. May it please the court. I'm Kevin Wolfe on behalf of the United States. The 57-month sentence issued here was reasonable. It was within the guidelines, and a within guidelines sentence is presumed to be reasonable. And this court will affirm such a sentence as long as it falls within the bounds of reason, and the bounds of reason are wide. The district court's discretion here was broad. Now, to clear up one issue that was raised briefly about the difference between a procedural versus a substantive challenge to reasonableness, we read Ms. Owens as raising a substantive, a challenge to substantive reasonableness. Procedural reasonableness would be something along the lines of the district court failed to address the mental health issue. Whereas here, there are numerous places in the transcript where the district court did indeed address the mental health reports in connection with how it weighed the section 55-53 factors. For example, pages 25 to 26 of the sentencing transcript, record 131, the court references the report saying, I don't see the reports quite as you're seeing them. I'm seeing there's some problems, and there's the problems you've listed. The district court at page 46 quoted the key finding from the BOP report where the court stated, quoting the report here, this is transcript at 46, quoting page 10 of the BOP evaluation, despite Ms. Owens' report of lifelong auditory and visual hallucinations, her reported symptoms were notably inconsistent with what is typically observed in individuals with genuine psychotic disorders. To support the finding, the BOP's conclusion that, in essence, Ms. Owens was exaggerating and to an extent fabricating her mental health issues. So the court addressed those things, so there's no procedural issue. Substantively, the bounds of reason are wide, and the district court did indeed weigh the mental health factors when it considered the section 53, when it considered all the section 55, 53 factors in this case. The court considered the nature and circumstances of the offense. This was an over $800,000 that Ms. Owens stole from her employer. She did it over a period of more than five years, 2010 to 2015. There were two separate schemes to defraud, one credit card scheme where she took the company's money and used it to directly pay her own personal credit card bills. A separate scheme where she used, this was a trucking company, so she used the trucking fuel cards that were given to truck drivers to embezzle money in a different way. And this was all hurting the company in the early 2010s at a time when the company was struggling financially, laying off employees on the verge of bankruptcy, as well as when the company's owner, who she was defrauding, was going through severe personal crises as well that distracted him from seeing the fraud. And on top of that, the court pointed out, too, on top of that conduct, she took the stand at trial and she made false statements. She denied it. She lied to the court then. And then finally, when she was evaluated by the BOP, she fabricated again. And the court acknowledged that she does have mental health issues. But the court also noted that they were, that she fabricated them before the BOP. There, if there are, unless this court has any questions about those matters, for the foregoing reasons, we request that this court affirm. I see no questions, so that will be fine. And we will give you your final minute, Ms. Traficante. Thank you. Your Honor, looking at Ms. Owens, she has no prior history. She was law-abiding during the trial, during the, during the case she was on, a pretrial release, no violations, a history of four suicide attempts dating back to when she was 18. She has a history of depression with no treatment. And it wasn't until this case started that these issues came to light outside the, the suicide, that she was having a lack of treatment. The B, the court was given the Inspector General's report showing that the BOP received an F by her government as to mental health treatment for individuals. And to, to sentence her at the high end of the guidelines without considering all the, the factors and the reports and how the reports are so similar is, is unfair because it seemed that the sentence was just more on a competency and the impact on the victim rather than looking at Ms. Owens as the defendant before the court. And because of those errors, we believe that the case should be remanded for the court to sentence her. Thank you. That's fine. Thank you very much. And I believe you took this case by appointment. Is that correct, Mr. Traficante? I did, Your Honor. We appreciate your efforts on behalf of your client. Thank you. And of course, thanks to the government. So as I said, I'll take the case under advisement and move on to the next case.